**Manuel GUTIERREZ, a delinquent child, Appellant,**

**v.**

**The STATE of Texas ex rel. WICHITA COUNTY, Appellee.**

**No. 16960.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 25, 1968.

W. W. Ballard, Wichita Falls, for appellant.

Timothy D. Eyssen, County Atty., Wichita Falls, for appellee.

## OPINION

RENFRO, Justice.

On June 6, 1963, after proper notice, and upon ample evidence, Manuel Gutierrez was declared to be a delinquent child. He was placed on probation under supervision of the Chief Probation Officer of Wichita County but in physical custody of his parents.

On February 20, 1968, after due and proper notice, the Juvenile Court, upon ample evidence of breach of parole terms, revoked the prior probation order and committed the juvenile to the custody of the Texas Youth Council.

At the February 20th hearing Manuel was ably represented by an attorney of his own choice who was also appointed by the court to represent the juvenile.

On appeal Manuel contends that, under In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, the original order of delinquency was void because Manuel was not represented by counsel, and hence the court had no authority to enter the revocation order of February 20th.

Appellee did not file a brief in this court.

In the 1963 hearing appellant was not denied the right of counsel,—neither was he or his parents advised they had the right to have Manuel represented by counsel.

Appellant's attorney protested the revocation proceedings and urged in the trial court, as he urges in this court, that the original judgment was void because of the admitted failure of the court to advise appellant of his right to employ an attorney.

In Re Gault the court stated "* * * Mrs. Gault testified that she knew that she could have appeared with counsel at the juvenile hearing. This knowledge is not a waiver of the right to counsel which she and her juvenile son had, as we have defined it. They had a right expressly to be advised that they might retain counsel and to be confronted with the need for specific consideration of whether they did or did not choose to waive the right. If they were unable to afford to employ counsel, they were entitled in view of the seriousness of the charge and the potential commitment, to appointed counsel, unless they chose waiver."

The heart of the holding in Gault was expressed as follows, "We conclude that the Due Process Clause of the Fourteenth Amendment requires that in respect of proceedings to determine delinquency which may result in commitment to an institution in which the juvenile's freedom is curtailed, the child and his parents must be notified of the child's right to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child."

The petition filed by the county attorney in 1963 charged appellant with three unlawful offenses of sufficient seriousness to threaten "potential commitment."

The instrument leading to the hearing in 1968 was titled MOTION FOR FURTHER ORDERS. In it, however, appellant was charged with committing six crimes, both felony and misdemeanor, in 1967, and concluded with prayer that appellant be declared a delinquent child. In the hearing, evidence of the alleged crimes was introduced, not for the purpose of procuring a new judgment of delinquency, but to prove violations of the terms of the parole provided by the 1963 decree.

Under the law pronounced in Gault which we must and do follow, we declare the 1963 decree invalid. It follows that the court in 1968 had no authority to commit appellant to the Youth Council on an order based on said decree.

The cause is remanded to the Juvenile Court for further proceedings consistent with the principles set out in the Gault case.

Reversed and remanded.