**Herbert Douglas McALPINE, a Minor, et al., Appellants,**

v.

**STATE of Texas, Appellee.**

No. 15659.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 30, 1970.

Holder, Kenyon, Germany & Shaw, Wallace N. Shaw, Freeport, for appellants.

Ogden Bass, Criminal Dist. Atty. Brazoria County, Billy M. Bandy, Asst. Dist. Atty., Angleton, Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Monroe Clayton, Roland Daniel Green, III, Asst. Attys. Gen., Austin, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment of the District Court of Brazoria County refusing

the relief sought in Petitioner's First Amended Original Petition for Writ of Habeas Corpus. The minor appellant was ordered remanded to the custody of the Texas Youth Council.

It appears from the transcript and testimony adduced at the hearing on the petition for habeas corpus that the minor appellant was arrested on or about July 30, 1967 for driving a motor vehicle without the permission of the owner, a felony. On August 3, 1967, the minor was adjudged a delinquent and committed to the Texas Youth Council, which commitment was suspended, and he was placed in the custody of an uncle. On September 28, 1967, custody of the minor was changed to his parents. On January 23, 1969, the minor's probation was revoked and he was ordered to be transferred to the Gatesville State School for Boys. This habeas corpus petition, seeking the minor's release from the custody of the Texas Youth Council, was filed March 24, 1970. On March 31, 1970 the District Court denied the relief sought and ordered the minor remanded to the custody of the Texas Youth Council. Appellants have duly perfected their appeal to this court.

Appellants' first point of error challenges the August 3, 1967 adjudication of the minor as delinquent in that the right to counsel was not effectively waived by either the minor or his parents, who were present at the trial. Appellants place primary reliance on In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). In Gault the Supreme Court said:

"We conclude that the Due Process Clause of the Fourteenth Amendment requires that in respect of proceedings to determine delinquency which may result in commitment to an institution in which the juvenile's freedom is curtailed, the child and his parents must be notified of the child's right to be represented by counsel retained by them, or if they are un able to afford counsel, that counsel will be appointed to represent the child." 387 U.S. at 41, 87 S.Ct. at 1451.

The Court further stated that, " * * * They had a right expressly to be advised that they might retain counsel and to be confronted with the need for specific consideration of whether they did or did not choose to waive the right." 387 U.S. at 42, 87 S.Ct. at 1451.

■ The minor's mother testified at the hearing on the petition for habeas corpus. Her testimony was as follows:

"Q At anytime before you appeared for that hearing [at which the minor was adjudged delinquent] were you told by anyone that you had a right to hire a lawyer to represent Douglas?

"A No, sir.

" * * *

"Q Now, were you advised by Judge Arnold that you had a right to have a lawyer represent Doug?

"A We were asked would we—wait a minute. Would we waiver the right of a lawyer.

"Q He asked you if you would waive the right to a lawyer?

"A Yes.

"Q And what did you reply?

"A Well, he asked Douglas and Douglas replied yes.

"Q Did he ever ask you or your husband?

"A Well, I think we both just nodded.

" * * *

"Q Did you ever sign any written waivers of a lawyer?

"A No.

"Q Did Judge Arnold tell you you had a right to have a lawyer?

"A No."

And on cross-examination, Mrs. McAlpine further testified:

> "Q You testified that you did not desire counsel at that time. Why not?
>
> "A Well, at the time it was the time of the hearing and we didn't know that we could have one and we didn't know that we could stop the hearing then and go on and get one."

Thus, it is uncontroverted that the minor and his parents were not advised of their rights to retain counsel at the time of the hearing at which the minor was adjudged delinquent, nor of their right to have counsel appointed to assist them in the event they were financially unable to employ counsel. This flies in the face of the clear holding of the court in Gault that the parties must be advised of these rights.

■ The State argues that appellants expressly waived their right to counsel. In the Gault case Mrs. Gault testified that she knew that she could have had counsel present at her son's hearing. The court said: "This knowledge is not a waiver of the right to counsel which she and her juvenile son had, as we have defined it." 387 U.S. at 41–42, 87 S.Ct. 1451. Here the trial court asked the minor whether he would waive counsel. Both the minor and his parents indicated that they would do so.

There is evidence that counsel was waived because the juvenile officer had promised to recommend probation. The record shows that the complaint specifically named the owner of the vehicle, and that he was not present at the trial. It is obvious that the State faced difficulty in proving the offense charged. The minor had made a confession and it appears that there was a question as to its validity. It is unlikely that these matters were known to the minor. Nor is it likely that he knew the nature and effect of a probated sentence.

While the question of the trial court with reference to waiver of counsel of itself would indicate that there was such a right,

the minor's mother testified that she did not know that her son had a right to counsel at that stage of the proceedings. There is no evidence that the minor or his parents knew that they were entitled to appointed counsel in the event they were financially unable to employ counsel. There is no direct evidence that at the time of the trial they were, or were not, able to employ counsel. The mother testified that she did not see a lawyer before the trial because she did not know a juvenile could have one.

Even a defendant who pleads guilty in a criminal case is entitled to the benefit of counsel whether he requests one or not. "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

Since the right to counsel guaranteed to the minor by the Constitution of the United States was not clearly explained by the court before he questioned him concerning waiver, the record does not show that the minor or his parents intelligently and understandingly waived counsel.

In Gutierrez v. State ex rel. Wichita County, 433 S.W.2d 777 (Tex.Civ.App.— Fort Worth 1968, no writ), the court expressly followed Gault, supra. That case involved an appeal from an order revoking probation of a juvenile previously adjudged delinquent. The appellant argued there, as here, that the original adjudication of delinquency was void because the infant had been deprived of his right to counsel. The court stated its holding:

> "Under the law pronounced in Gault which we must and do follow, we declare the 1963 decree [adjudging the infant delinquent] invalid. It follows that the court in 1968 had no authority to commit appellant to the Youth Council on an order based on said decree." 433 S.W.2d at 779.

While that case involved an appeal from a commitment order and the instant case is an appeal from a denial of a petition for habeas corpus, the principle involved is the same. The original adjudication of delinquency of the minor appellant was void for lack of due process under Gault, and the subsequent confinement of Herbert Douglas McAlpine was unauthorized, because it was based on the prior adjudication of delinquency.

Because of the holding of the court that the adjudication of delinquency was void and that consequently the commitment order was unauthorized, it is unnecessary to discuss appellants' other points.

The judgment of the District Court is reversed and the cause is remanded with instructions to order the release of the minor appellant.