**In re Edwardo FIERRO, a Minor.**

**No. 6186.**

Court of Civil Appeals of Texas, El Paso.

Feb. 9, 1972.

Steven L. Bercu, Kent Morrison, El Paso, for appellant.

Henry H. Pena, County Atty., Jesus M. Hernandez, Asst. County Atty., El Paso, Crawford C. Martin, Atty. Gen., Roland Daniel Green, III, Asst. Atty. Gen., Austin, for appellee.

## OPINION

WARD, Justice.

This case is similar and parallel to that of Juana Torres this day rendered. The District Court of El Paso County refused to grant the habeas corpus relief for the benefit of the minor and remanded him to the custody of the Texas Youth Council. On this appeal, the judgment of the court below is reversed and the child is discharged.

This minor was arrested for the offense of burglary and on May 28, 1970, was adjudged and declared to be a delinquent child and committed to the Texas Youth Council with the execution of the commitment being suspended and the child

placed on probation. Thereafter, the probation was revoked and he was placed in custody of the appropriate authorities. We sustain the appellant's point to the effect that prior to or at the time of the adjudication trial there was no evidence produced that there had been any intelligent and understanding waiver of the right of counsel by either the minor or the only known parent. Of significance is the fact that the alleged offense, and trial occurred after Sec. 7–B of Article 2338–1 Vernon's Ann. Civ.Stats. had become effective, and the trial court did not attempt to comply with the appointment of counsel provisions of either paragraphs (a) or (b) of the section. Arguments are presented to us concerning the question as to whether or not the mandatory features of this section can be waived by either the juvenile or other interested persons. Our decision need not provide an answer to that controversy. The record developed in this hearing shows it to be a contest as to whether or not the child and his mother were ever intelligently advised of their respective rights to an attorney at the time the statement of the child was taken or for the purposes of the trial. As to the child, the record is stronger as to his being advised of a right to an attorney at the time the statement was taken than it is as to any advice being given the child as to his right of representation at the trial. As to the mother, the record at best is confusing if she were afforded an opportunity to obtain her own attorney or if the warning and advice went so far as to inform her of the right to secure an appointed attorney if she was without the financial means to afford one. Regardless of this, it is clear that there has been presented to us no evidence that either the mother or the child ever made any type of positive waiver.

Even on collateral attack by writ of habeas corpus, a silent record does not prove the waiver. "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). The standard is applicable to the juvenile at the adjudication stage. In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); McAlpine v. State, 457 S.W.2d 428 (Tex.Civ.App., Houston 1970, no writ hist.). The adjudication of delinquency being void, the subsequent commitment order was unauthorized.

The judgment of the District Court is reversed and the minor Edwardo Fierro is ordered discharged.