**In the Matter of R.L., A Minor Child.**

**No. 07–82–0271–CV.**

Court of Appeals of Texas, Amarillo.

Feb. 27, 1984.

Morehead, Sharp & Tisdel, Tom Boyd, Plainview, for appellant.

R.J. Thornton, Hale County Atty., Plainview, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

DODSON, Justice.

In this action, the State's petition alleged that the appellant was a delinquent child because he committed the offense of burglary of a habitation. After a bench trial, the court rendered judgment that the appellant had engaged in delinquent conduct as alleged in the State's petition. By two points of error, the appellant challenges the court's order, claiming the trial court erred: (1) by overruling his motion to suppress his confession because the warnings given him under § 51.09(b) of the Texas Family Code do not comply with the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and (2) by admitting his confession because neither he nor his parent (*i.e.*, his mother) was informed of his right to court-appointed counsel before he gave his confession. Concluding that the appellant's points of error and contentions do not present cause for disturbing the challenged order, we affirm.

The record shows that Annetta Jenkins had agreed to watch her mother's house while her mother was away. On or about 26 August 1981, Annetta Jenkins went to check her mother's house located at 2513 Rochelle Street in Plainview, Hale County, Texas, and noticed that several items of property were missing. Upon investigation, she discovered that someone had entered the home from the living room window. However, she did not know who the individual or individuals were who broke into her mother's home.

On 30 August 1981, Annetta Jenkins and one of her sons went to the Plainview Police Department and advised Officer Michael T. Carroll that they had located a cigarette box taken from her mother's residence next door in an old building behind appellant's house. Officer Carroll went with them to the old building and directed Mrs. Jenkins' son to go in the building and get the cigarette box for him.

After having seized the cigarette box, Officer Carroll walked immediately around to the front of the appellant's residence and asked the appellant's mother to have her son come to the police department the next day and speak with Officer Willie McGee. The next day, the appellant was walking to the Plainview Police Department when he was picked up and transported there by Officer McGee.

While at the police department in the custody of Officer McGee, appellant was taken before a magistrate, Municipal Judge Richard Cross, who read him the statutory warnings listed in Tex.Fam.Code Ann. § 51.09(b)(1) (Vernon Supp.1982–1983). Judge Cross then executed a form entitled "Statutory Warning of Juvenile by Magistrate" and a form entitled "Certificate of Magistrate," certifying that the requisites of Tex.Fam.Code Ann. § 51.09(b)(1) were met. Officer McGee was not present while appellant received his statutory warnings from the magistrate.

After the statutory warnings were administered, appellant executed an instrument entitled "Waiver of Rights of a Child," in which were listed again the warnings contained in § 51.09(b)(1) of the Family Code. Officer McGee then obtained a statement from appellant in which appellant implicated himself in the burglary. Upon completion of his statement, appellant was again taken to Judge Cross who executed another "Certificate of Magistrate," which recited that appellant had knowingly and voluntarily waived his constitutional rights.

After receiving this statement, Officer McGee and Officer Larry Keltz, Juvenile Officer of the Plainview Police Depart-

ment, took the appellant to his home located at 2515 Rochelle Street in Plainview, Texas, and spoke with his mother. After speaking with his mother, the officers obtained a written consent from her to search the residence. The appellant went into another part of the house and returned with a box which contained a part of the items taken from the Jenkins' home. The appellant was then taken to the Plainview Police Department where he was detained.

By his first point of error, the appellant claims the trial court erred in overruling his motion to suppress his confession because he was not advised prior to the taking of such confession of his right to have an attorney appointed to represent him if he was indigent and could not retain an attorney himself. Under that point of error the appellant claims that the warnings provided by Tex.Fam.Code Ann. § 51.09(b), *supra*, are not sufficient to satisfy the constitutional requirements of *Miranda v. Arizona, supra,* and its progeny. Specifically, appellant argues that the warnings are insufficient because he was not warned prior to giving his confession "that an attorney would be *appointed* to represent him if he were too poor to employ an attorney himself." We disagree.

Tex.Fam.Code Ann. § 51.09(b), *supra,* reads in pertinent part as follows:

(b) Notwithstanding any of the provisions of Subsection (a) of this section, the statement of a child is admissible in evidence in any future proceeding concerning the matter about which the statement was given if:

(1) *when the child* is in a detention facility or other place of confinement or *in the custody of an officer,* the statement is made in writing and the statement shows that the child has at some time prior to the making thereof received from a magistrate a warning that:

(A) he may remain silent and not make any statement at all and that any statement he makes may be used in evidence against him;

(B) *he has the right to have an attorney present to advise him either prior to any questioning or during the questioning;*

(C) *if he is unable to employ an attorney, he has the right to have an attorney to counsel with him prior to or during any interviews with peace officers or attorneys representing the state;*

(D) he has the right to terminate the interview at any time;

(E) if he is 15 years of age or older at the time of the violation of a penal law of the grade of felony the juvenile court may waive its jurisdiction and he may be tried as an adult; and

(F) the statement must be signed in the presence of a magistrate by the child with no law enforcement officer or prosecuting attorney present. The magistrate must be fully convinced that the child understands the nature and contents of the statement and that the child is signing the same voluntarily. If such a statement is taken, the magistrate shall sign a written statement verifying the foregoing requisites have been met.

The child must knowingly, intelligently, and voluntarily waive these rights prior to and during the making of the statement and sign the statement in the presence of a magistrate who must certify that he has examined the child independent of any law enforcement officer or prosecuting attorney and determined that the child understands the nature and contents of the statement and has knowingly, intelligently, and voluntarily waived these rights. (Emphasis added.)

The record shows that appellant received the following warning from the magistrate prior to giving his written statement:

You may remain silent and not make any statement at all;

Any statement you make may be used in evidence against you;

*You have the right to have an attorney present to advise you either prior*

*to any questioning or during the questioning;*

*If you are unable to employ an attorney, you have the right to have an attorney to counsel with you prior to or during any interviews with peace officers or attorneys representing the state;*

You have the right to terminate the interview at any time;

If you are 15 years of age or older at the time of the violation of a penal law of the grade of felony, the juvenile court may waive its jurisdiction, and you may be tried as an adult. (Emphasis added.)

█ The warning given to the appellant, as set out above, expressly warned him of a right to counsel "prior to or during" interrogation and contains the substantial equivalent of the *Miranda* language. In that regard, the United States Supreme Court determined in *California v. Prysock,* 453 U.S. 355, 359–60, 101 S.Ct. 2806, 2809, 69 L.Ed.2d 696 (1981) that the warnings by police advising a criminal defendant before interrogation of his rights need not be a "talismanic incantation" of the precise language contained in the *Miranda* opinion. Consequently, in this instance, we conclude that the warning is adequate to meet the *Miranda* requirements. Furthermore, we point out that the appellant's first contention has been decided adversely to him in *Darden v. State,* 629 S.W.2d 46 (Tex.Cr. App.1982).

In *Darden,* the defendant was given the identical warning as the appellant in this instance and on appeal, the defendant made the same challenge to the warning as the appellant makes to us. Overruling the defendant's challenge in *Darden,* the court stated: "We further find that the [§ 51.-09(b)(1) ] warning given to appellant satisfied the *Miranda* requirement that he be informed that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires." *Id.* at 51. Consequently, in this instance, we overrule the appellant's first point of error and his contention made thereunder.

By his second point of error, the appellant claims the trial court erred in admitting his confession because prior to the taking of his confession neither he nor his parent (*i.e.,* his mother) was advised of his right to have an attorney appointed to represent him if he was indigent and unable to retain an attorney himself. In support of his position, the appellant relies on *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). However, in this instance, that reliance is misdirected.

We acknowledge that in *Gault* the court did determine, among other things, that:

> [T]he Due Process Clause of the Fourteenth Amendment requires that *in respect of proceedings to determine delinquency* which may result in commitment to an institution in which the juvenile's freedom is curtailed, *the child and his parents must be notified of the child's right* to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child. (Emphasis added.)

*Id.* at 41, 87 S.Ct. at 1451. However, that determination (with the court's other determinations) was specifically limited to the adjudication proceedings "by which a determination is made as to whether a juvenile is a 'delinquent' as a result of alleged misconduct on his part, with the consequence that he may be committed to a state institution." *Id.* at 13, 87 S.Ct. at 1436.

Further defining the limitations of its determination the court in *Gault* stated:

> We do not in this opinion consider the impact of these constitutional provisions upon the totality of the relationship of the juvenile and the state. We do not even consider the entire process relating to juvenile "delinquents." *For example, we are not here concerned with the procedures or constitutional rights applicable to the pre-judicial stages of the juvenile process,* nor do we direct our attention to the post-adjudicative or dispositional process. (Emphasis added.)

*Id.* Thus, by the above language, the court limited its determinations to the adjudica-

tion proceedings and specifically excluded the application of those determinations to pre-adjudication matters such as custodial interrogation. Consequently, we decline the implied invitation to extend *Gault* to custodial interrogation.

We acknowledge that the appellant also relies on *In re Fierro,* 476 S.W.2d 870 (Tex.Civ.App.—El Paso 1972, no writ); *McAlpine v. State,* 457 S.W.2d 428 (Tex. Civ.App.—Houston [1st Dist.] 1970, no writ); and *Leach v. State,* 428 S.W.2d 817 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ) to support his position under the second point of error. In *McAlpine* the court simply applied the determination in *Gault* to the adjudication hearing. We agree with the court's determination in *McAlpine.* In that regard, we point out that in *McAlpine* the court did not attempt to extend *Gault* to custodial interrogation. *Leach* and *Fierro* were decided prior to the enactment of the present provisions of section 51.09(b) of the Texas Family Code. That statute presently prescribes the perimeters for determining the admissibility of a child's statement which results from custodial interrogation. Thus, we do not consider the determinations in *Leach* and *Fierro* controlling in this instance.

 In this instance, the appellant was represented by counsel at the adjudication proceedings (*i.e.,* the hearing where the court determined that the appellant had engaged in delinquent conduct). The appellant was in the custody of the officers when he made his confession. In that regard, the record shows that all of the statutory requirements of section 51.09(b) were complied with when the appellant's confession was given. Thus, the record affirmatively shows that the appellant was advised of his right to court-appointed counsel before his confession was taken. Furthermore, section 51.09(b) does not require that appellant's parent be informed of his right to court-appointed counsel before his confession is given. Nor does that statute require the appellant's parent to be present when he waives his right to counsel. Con-

sequently, we overrule the appellant's second point of error.

The trial court's adjudication order is affirmed.

BOYD, J., not participating.