**In the Matter of B.J.N., a Minor Child.**

No. 07–82–0137–CV.

Court of Appeals of Texas, Amarillo.

Feb. 27, 1984.

LaFont, Tunnell, Formby, LaFont & Hamilton, Larry McEachern, Plainview, for appellant.

R.J. Thornton, Hale County Atty., Plainview, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

DODSON, Justice.

In this action, the State's petition alleged that the appellant was a delinquent child because he committed the offense of burglary of a habitation. After a bench trial, the court rendered judgment that the appellant had engaged in delinquent conduct as alleged in the State's petition. Appealing from that order by two points of error, the appellant claims: (1) the trial court erred by overruling his first amended motion to suppress his confession because neither he nor his parents were advised prior to any questioning that an attorney would be appointed to represent him if he were indigent and could not retain an attorney himself; and (2) that for that same reason, the trial court erred by admitting his confession. Concluding that the appellant's points of error and his contentions made under these points do not present cause for disturbing the challenged order, we affirm.

In this instance, the record shows that the Plainview Police Department was advised by Annetta Jenkins that on 26 August 1981, someone had broken into her mother's residence and stolen various items, including a cigarette or jewelry box, a Showtime box, an 8-track stereo, some jewelry, $32 in cash, a bottle of tequila, and several nicknacks. The burglarized residence was located at 2513 Rochelle Street, Plainview, Hale County, Texas, next door to the home of R., appellant's co-accused.

A few days later, Annetta Jenkins and her son came to the police station and advised Officer Carroll that they had seen the stolen cigarette box in an old shack adjacent to their property. Officer Carroll went with them to the shack, where they pointed to the cigarette box sitting on the lid of an old washing machine. Officer Carroll asked Mrs. Jenkins' son to crawl inside and recover the cigarette box, which Mrs. Jenkins identified as the one taken in the burglary.

Officer Carroll knew the people who lived next door because the police department had "had dealings with them before." He went to the neighboring house and asked to see R., who was not at home. Officer Carroll showed the cigarette box to R.'s mother, told her that it was stolen, that it had been found behind her house, and that police officers would need to talk to R. about it. R.'s mother agreed to send R. to the police station the following day.

On 31 August 1981, R. went to the Plainview police station to see Officer McGee, who took him to the magistrate for his *Miranda* warnings. Thereafter, R. confessed to the burglary at 2513 Rochelle and implicated appellant. Officer McGee and Officer Keltz then took R. to his home,

obtained from his mother a "permission to search" after reading to her the requisite *Miranda* warnings, and waited in the living room while R. went to another part of the house and returned with an 8-track stereo and a Showtime box taken from the burglary at 2513 Rochelle.

On 2 September 1981, Officer Keltz, a juvenile officer for the Plainview Police Department, telephoned David Allenson at the Juvenile Probation office and requested him to contact appellant's parents and obtain permission to pick up appellant at school for questioning. Mr. Allenson contacted the appellant's mother and advised her that Officer Keltz wished to interview appellant "in reference to his possible involvement in an offense." The appellant's mother gave her permission, Officer Keltz was so advised, and thereupon he went to Coronado Junior High, picked up appellant, took him to the Plainview Police Department, and filled out forms for statutory warnings by the magistrate. Officer Keltz then took appellant to the office of Mayor Wayland, the magistrate, and waited outside while appellant was warned of his rights. Appellant and Mayor Wayland were alone in the room with the door closed.

The magistrate read to appellant the statutory warnings of Tex.Fam.Code Ann. § 51.09(b)(1) (Vernon Supp.1982–1983) and asked appellant if he understood. Appellant responded affirmatively and the magistrate signed the "Statutory Warning of Juvenile by Magistrate" forms. The magistrate then read to appellant the warnings printed on the "Waiver of Rights of a Child" form, asked appellant if he understood, and appellant again responded affirmatively. The magistrate asked appellant to sign the form and appellant did so. The magistrate then read to appellant the "Certificate of Magistrate" form, signed it himself, and told appellant what he was signing. The warnings were signed at 1:45 p.m.

Officer Keltz then took appellant into the city council chambers, received appellant's oral confession and printed it on the confession form, and took appellant back to the magistrate. Again, the magistrate and appellant were alone while the magistrate read the "Juvenile Confession Warning" to appellant and asked appellant if he understood it. Appellant responded affirmatively, signed the confession at the magistrate's request, and the magistrate also signed the confession form at 2:02 p.m. In giving all the warnings to appellant, the magistrate used the exact wording on the forms and did not use his own words or add other possible rights.

By his first point of error, the appellant claims the trial court erred in overruling his first amended motion to suppress the confession because neither he nor his parents were advised prior to any questioning that an attorney would be appointed to represent him if he were indigent and could not retain an attorney himself. By his second point of error, the appellant further claims that the trial court erred in admitting his confession because neither he nor his parents were advised prior to any questioning that an attorney would be appointed to represent him if he were indigent and could not retain an attorney himself.

In his brief, the appellant's points of error are argued together. Under the points, appellant primarily makes two contentions. First, he claims that the warnings provided by Tex.Fam.Code Ann. § 51.-09(b) (Vernon Supp.1982–1983) are not sufficient to satisfy the constitutional requirements of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and its progeny. Specifically, appellant argues that the warnings are insufficient because he was not warned prior to giving his confession "that an attorney would be *appointed* to represent him if he were too poor to employ an attorney himself." We disagree.

Tex.Fam.Code Ann. § 51.09(b), *supra,* reads in pertinent part as follows:

(b) Notwithstanding any of the provisions of Subsection (a) of this section, the statement of a child is admissible in evidence in any future proceeding concern-

ing the matter about which the statement was given if:

(1) *when the child* is in a detention facility or other place of confinement or *in the custody of an officer,* the statement is made in writing and the statement shows that the child has at some time prior to the making thereof received from a magistrate a warning that:

(A) he may remain silent and not make any statement at all and that any statement he makes may be used in evidence against him;

(B) *he has the right to have an attorney present to advise him either prior to any questioning or during the questioning;*

(C) *if he is unable to employ an attorney, he has the right to have an attorney to counsel with him prior to or during any interviews with peace officers or attorneys representing the state;*

(D) he has the right to terminate the interview at any time;

(E) if he is 15 years of age or older at the time of the violation of a penal law of the grade of felony the juvenile court may waive its jurisdiction and he may be tried as an adult; and

(F) the statement must be signed in the presence of a magistrate by the child with no law enforcement officer or prosecuting attorney present. The magistrate must be fully convinced that the child understands the nature and contents of the statement and that the child is signing the same voluntarily. If such a statement is taken, the magistrate shall sign a written statement verifying the foregoing requisites have been met.

The child must knowingly, intelligently, and voluntarily waive these rights prior to and during the making of the statement and sign the statement in the presence of a magistrate who must certify that he has examined the child independent of any law enforcement officer or prosecuting attor-

ney and determined that the child understands the nature and contents of the statement and has knowingly, intelligently, and voluntarily waived these rights. (Emphasis added.)

The record shows that appellant received the following warning from the magistrate prior to giving his written statement:

You may remain silent and not make any statement at all;

Any statement you make may be used in evidence against you;

*You have the right to have an attorney present to advise you either prior to any questioning or during the questioning;*

*If you are unable to employ an attorney, you have the right to have an attorney to counsel with you prior to or during any interviews with peace officers or attorneys representing the state;*

You have the right to terminate the interview at any time;

If you are 15 years of age or older at the time of the violation of a penal law of the grade of felony, the juvenile court may waive its jurisdiction, and you may be tried as an adult. (Emphasis added.)

█ The warning given to the appellant, as set out above, expressly warned him of his right to counsel "prior to or during" interrogation and contains the substantial equivalent of the *Miranda* language. In that regard, the United States Supreme Court determined in *California v. Prysock,* 453 U.S. 355, 359–60, 101 S.Ct. 2806, 2809, 69 L.Ed.2d 696 (1981) that the warning by police advising a criminal defendant before interrogation of his rights need not be a "talismanic incantation" of the precise language contained in the *Miranda* opinion. Consequently, in this instance, we conclude that the warning is adequate to meet the *Miranda* requirements. Furthermore, we point out that the appellant's first contention has been decided adversely to him in *Darden v. State,* 629 S.W.2d 46 (Tex.Cr. App.1982).

In *Darden,* the defendant, a minor, was given the identical warning as the appellant

in this instance and on appeal, the defendant made the same challenge to the warning as the appellant makes to us. Overruling the defendant's challenge in *Darden*, the court stated: "We further find that the [§ 51.09(b)(1)] warning given to appellant satisfied the *Miranda* requirement that he be informed that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires." *Id.* at 51. In this instance, therefore, we overrule the appellant's first contention.

Last, the appellant contends that his confession was inadmissible because his parents should have been informed of his right to court-appointed counsel before his statement was taken. To support his position, the appellant primarily relies on *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). However, in this instance, that reliance is misdirected.

We acknowledge that in *Gault* the court did determine, among other things, that:
> [T]he Due Process Clause of the Fourteenth Amendment requires that *in respect of proceedings to determine delinquency* which may result in commitment to an institution in which the juvenile's freedom is curtailed, *the child and his parents must be notified of the child's right* to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child. (Emphasis added.)

*Id.* at 41, 87 S.Ct. at 1451. However, that determination (with the court's other determinations) was specifically limited to the adjudication proceedings "by which a determination is made as to whether a juvenile is a 'delinquent' as a result of alleged misconduct on his part, with the consequence that he may be committed to a state institution." *Id.* at 13, 87 S.Ct. at 1436.

Further defining the limitations of its determination the court in *Gault* stated:
> We do not in this opinion consider the impact of these constitutional provisions upon the totality of the relationship of the juvenile and the state. We do not even consider the entire process relating

to juvenile "delinquents." *For example, we are not here concerned with the procedures or constitutional rights applicable to the pre-judicial stages of the juvenile process,* nor do we direct our attention to the post-adjudicative or dispositional process. (Emphasis added.)

*Id.* Thus, by the above language, the court limited its determinations to the adjudication proceedings and specifically excluded the application of those determinations to pre-adjudication matters such as custodial interrogation. Consequently, we decline the implied invitation to extend *Gault* to custodial interrogations.

We acknowledge that the appellant also relies on *McAlpine v. State*, 457 S.W.2d 428 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ). In *McAlpine* the court simply applied the determination in *Gault* to the adjudication hearing. We agree with the court's determination in *McAlpine*. In that regard, we point out that in *McAlpine* the court did not attempt to extend *Gault* to custodial interrogation.

▇▇▇ In this instance, the appellant was represented by counsel at the adjudication proceedings (*i.e.*, the hearing where the court determined that the appellant had engaged in delinquent conduct). The appellant was in the custody of the officers when he made his confession. Section 51.09(b) of the Texas Family Code presently prescribes the perimeters for determining the admissibility of a child's statement which results from custodial interrogation. In that regard, the record shows that all of the statutory requirements of section 51.09(b) were complied with when the appellant's confession was given. Thus, the record affirmatively shows that the appellant was advised of his right to court-appointed counsel before his confession was taken. Furthermore, section 51.09(b) does not require that appellant's parent be informed of his right to court-appointed counsel before his confession is given. Nor does that statute require the appellant's parent to be present when he waives his right to counsel. Consequently, we overrule the appellant's last stated contention.

In summary, we overrule the appellant's two points of error and his contentions advanced under those points, and affirm the trial court's adjudication order.